IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 2, 2022

## MICHAEL HALLIBURTON v. BLAKE BALLIN, ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-2948-20    Gina C. Higgins, Judge
_____

### No. W2022-01208-COA-T10B-CV
_____

This is an accelerated interlocutory appeal from the denial of motions for recusal of the trial judge. Having carefully reviewed the record provided by the appellant, we affirm the decision of the trial court denying the motions.

**Tenn. S. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and JEFFREY USMAN, J., joined.

Michael Cory Halliburton, Hartsville, Tennessee, pro se.

Jeffrey E. Nicoson, Memphis, Tennessee, for the appellees, Blake Daniel Ballin and Ballin, Ballin & Fishman PC.

### OPINION

### I.    FACTS & PROCEDURAL HISTORY

This suit was filed by a pro se incarcerated plaintiff, Michael Halliburton, against his former counsel. The record provided to this Court by Mr. Halliburton is extremely limited and only contains selected documents filed by Mr. Halliburton in the trial court, with no transcript of any hearing or order entered by the court aside from the order in which the trial judge declined to recuse herself.[1]

---

[1] In expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition. *Trigg v. Trigg*, No. E2016-00695-COA-T10B-CV, 2016 WL 1730211, at *2 (Tenn. Ct. App. Apr. 27, 2016). Rule 10B requires the appellant's petition to "be accompanied by a copy of the motion and all supporting documents filed in the trial court, a

It appears that, in 2020, the defendants filed a motion for judgment on the pleadings and Mr. Halliburton filed a motion to hold the case in abeyance. The record before us contains a few pages from a "Motion for Judicial Disqualification," in which Mr. Halliburton subsequently requested that Judge Gina Higgins recuse herself. The motion is not stamped as filed,[2] but it states that Mr. Halliburton placed it in the prison mail system for mailing on July 13, 2021. The motion in the record only contains pages "1 of 5," "3 of 5," and "5 of 5." Within those three pages, Mr. Halliburton asserted that Judge Higgins had engaged in conduct prejudicial to him as a result of bias. First, he claimed that during a hearing on November 19, 2020, Judge Higgins had "referred to the Plaintiff as the 'elephant in the room' solely because he was appearing pro se." Next, Mr. Halliburton asserted that during a hearing on his motion to hold the case in abeyance and the defendants' motion to dismiss on July 6, 2021, he brought to the attention of the court that he had mailed an answer to a supplemental memorandum filed by the defendants and was told that it had not been filed with the court. He claimed that Judge Higgins had proceeded with the hearing anyway, which was "by definition impartial" when he did not have his documents before the court but the opposing party did. Mr. Halliburton contended that Judge Higgins had "dismissed the documents as without merit before Plaintiff's documents were before the Court," indicating that they were "irrelevant to her decision-making process."

The recusal motion was not supported by an affidavit, nor did it state that it was not being presented for any improper purpose, as required by Tennessee Supreme Court Rule 10B.[3] The record contains a "Reply" filed by Mr. Halliburton, which indicates that the

---

copy of the trial court's order or opinion ruling on the motion, and a copy of any other parts of the trial court record necessary for determination of the appeal." Tenn. Sup. Ct. R. 10B, § 2.03.

[2] When an appellant fails to provide this Court with file-stamped copies, "'we cannot conclusively determine that the copies provided by [the appellant] as part of the record for our review are copies of the actual documents filed by [him] in the trial court.'" *Xingkui Guo v. Rogers*, No. M2020-01321-COA-T10B-CV, 2020 WL 6781244, at *2 n.2 (Tenn. Ct. App. Nov. 18, 2020) (quoting *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 n.1 (Tenn. Ct. App. Dec. 13, 2019)). This Court has, on occasion, given the appellant the benefit of the doubt and treated the documents as those filed in the trial court. *See id.* We will do the same here. However, we have also cautioned litigants that we may not do the same in other appeals. *See Smith*, 2019 WL 6825976, at *1 n.1.

[3] As stated in Rule 10B, a recusal motion "shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn. Sup. Ct. R. 10B, § 1.01. "When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived." *Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) (citing cases). The recusal motion must also "affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. Sup. Ct. R. 10B, § 1.01. Failure to include this affirmative statement can also lead to waiver of a recusal request on appeal. *Hastings v. Hastings*, No. W2020-00989-COA-T10B-CV, 2020 WL 4556831, at *2 (Tenn. Ct. App. Aug. 6, 2020); *see, e.g., Tarver v. Tarver*, No. W2022-00343-COA-T10B-CV, 2022 WL 1115016, at *3 (Tenn. Ct. App. Apr. 14, 2022) ("Petitioner's first motion failed to comply

defendants had filed a response to the motion for recusal, although the defendants' response is not in the record. In his Reply, Mr. Halliburton acknowledged the defendants' argument that his recusal motion failed to meet the "filing requirements" for a motion for recusal. Mr. Halliburton conceded that he "erred in not making a statement in his motion that he was not filing to cause undue delay[.]" He suggested that he could easily correct the error by refiling the recusal motion if necessary. He claimed that he "did make a sworn statement" in his motion for recusal, apparently in reference to the fact that the motion concluded by stating: "The above is true to the best of my knowledge, information and belief." As for the merits of his motion, Mr. Halliburton maintained that Judge Higgins had indicated bias by referring to "a party to the suit as an animal[.]" Regarding his missing filing, Mr. Halliburton said, "It may be that the judge said that she would read Plaintiff's brief[.]" Still, he said the problem was that his opponent's brief was read *prior to* the hearing when his was not. Mr. Halliburton said it appeared that another brief he mailed might not have been filed by the court clerk either, but, he added, he had "no control over the prison's mail room[.]"

The original recusal motion went unresolved for several months. The defendants apparently filed a motion requesting that the court resolve the outstanding request for recusal because, although the defendants' motion does not appear in the record before us, the record does contain Mr. Halliburton's response in opposition. Mr. Halliburton contended that the trial court should "do[] nothing until my federal habeas petition is fully and completely adjudicated and exhausted in the federal courts." He claimed that Judge Higgins had "set the case in de facto abeyance," as he had previously requested. Mr. Halliburton argued that a hearing prior to resolution of his habeas petition would serve no purpose. At the same time, however, he suggested that Judge Higgins had acted improperly under Rule 10B by deferring ruling on the recusal motion.

Mr. Halliburton subsequently filed a second motion for recusal, this time including the necessary language under Rule 10B and including a declaration under penalty of perjury. Again, the motion in the record before us is not stamped as filed, but it was notarized on July 9, 2022. The second recusal motion repeated the two assertions made in the first motion: that Judge Higgins referred to Mr. Halliburton as the "elephant in the room" at a hearing on November 19, 2020, and she proceeded with a hearing on July 6, 2021, despite the fact that his filings had not been received by the court or by opposing counsel. According to the second recusal motion, Mr. Halliburton had asked the court to continue the proceedings until his filing could be reviewed, but Judge Higgins declined. He said that he was permitted to present his argument but that Judge Higgins would not allow him to read his entire filing into the record. He argued that Judge Higgins had prejudged the matter "based on her bias against a pro se Plaintiff filing a suit against an

---

with Rule 10B because it was not supported by an affidavit or a declaration under penalty of perjury and because it failed to affirmatively state that it was not being presented for any improper purpose. As such, Petitioner's claim for recusal contained in the first motion has been waived.").

officer of the court." Additionally, however, Mr. Halliburton asserted that "the problem of judicial bias" extended beyond Judge Higgins, and he discussed numerous rulings made by many judges at various stages of his criminal proceedings that, in his view, demonstrated pervasive bias against him.

After a hearing, the trial court entered an order denying both of Mr. Halliburton's motions for recusal on August 17, 2022. Judge Higgins found that the first recusal motion filed by Mr. Halliburton was deficient and did not comply with Rule 10B because no affidavit was included with the motion and it did not contain a statement that the motion was not being presented for an improper purpose. As such, the trial court summarily denied the first motion for recusal for failure to comply with Rule 10B.

Next, the trial court addressed the second recusal motion, which the court stated was filed on July 18, 2022. The trial court noted that the first few pages of the second motion repeated the allegations made in the first motion. As for the allegation that she had referred to Mr. Halliburton as the "elephant in the room," Judge Higgins explained that she "did describe *this case* as being the elephant in the room" when questioning Mr. Halliburton regarding the rules and explaining the consequences of self-representation in cases such as this. (Emphasis added). However, Judge Higgins said that the "complexity of the issues" was "the elephant in the room, not the plaintiff." She "categorically and specifically denie[d] that [she] referred to plaintiff as the elephant in the room." Judge Higgins stated that her reference to the complex issues and difficulty of the process did not indicate bias toward Mr. Halliburton or provide a basis for recusal.

Judge Higgins next addressed the allegation that she refused Mr. Halliburton's request to continue a hearing until she had read his responsive pleadings. She stated that "[a] review of the transcript of the hearing evidences that the court explained why the pleadings were not relevant to the motion." In any event, however, Judge Higgins further noted that she did not rule on the motion that day and allowed time for the court to read all of the pleadings and to allow Mr. Halliburton to submit additional information. "Moreover," Judge Higgins added, "the court allowed [Mr. Halliburton] to argue any point he wished to make, including those in any pleading he filed or submitted that was not filed prior to the hearing on the motion." She noted that it was her role to determine what was relevant with respect to the motion and that if Mr. Halliburton disagreed he had the option of appealing her substantive ruling. Judge Higgins stated that she had been accommodating to Mr. Halliburton, and she denied harboring any bias or prejudice toward him.

Finally, Judge Higgins noted that Mr. Halliburton's second motion "delve[d] into a litany of conspiracy theories that involve his criminal court cases and the respective trial court and appellate court judges." She concluded that his references to the consequences of his prior experiences with the court system were not a proper basis for her recusal in this case and were more appropriate subjects for appeals to courts with the authority and jurisdiction to adjudicate his claims. Mr. Halliburton timely filed a petition for an

accelerated interlocutory appeal to this Court. Based on our review of the petition and supporting documents, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B, §§ 2.05 and 2.06.

## II. STANDARD OF REVIEW

This Court reviews the denial of a motion for recusal under a de novo standard of review. Tenn. Sup. Ct. R. 10B § 2.01. The only issue we may consider in a Rule 10B appeal is whether the trial judge should have granted the motion for recusal. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Boren v. Hill Boren, PC*, 557 S.W.3d 542, 546 (Tenn. Ct. App. 2017). We do not review the merits or correctness of the trial court's other rulings. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).

## III. DISCUSSION

As stated by the Tennessee Supreme Court,

"Litigants in Tennessee have a fundamental right to a 'fair trial before an impartial tribunal.'" *Holsclaw v. Ivy Hall Nursing Home, Inc.*, 530 S.W.3d 65, 69 (Tenn. 2017) (quoting *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002)); *see* Tenn. Const. art. VI, § 11 ("No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested...."). Tennessee's Rules of Judicial Conduct require judges to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary," Tenn. Sup. Ct. R. 10, RJC 1.2, and to "uphold and apply the law, and . . . perform all duties of judicial office fairly and impartially." Tenn. Sup. Ct. R. 10, RJC 2.2. Our rules define "impartiality" and "impartially" as the "absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a judge." Tenn. Sup. Ct. R. 10, Terminology "Impartial."

Tennessee Supreme Court Rule 10, Code of Judicial Conduct, Canon 2, Rule 2.11, states that "[a] judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned." Bases for which a judge's impartiality might reasonably be questioned include, as are pertinent to this case, when the judge has "a personal bias or prejudice" against any of the parties, "personal knowledge of facts that are in dispute in the proceeding," has "served as lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer in the matter during such association," or has "served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the

- 5 -

proceeding." Tenn. Sup. Ct. R. 10, RJC 2.11 (A)(1), (A)(6)(a) and (b).

   "[T]he test for recusal is an objective one because the appearance of bias is just as injurious to the integrity of the courts as actual bias." *State v. Cannon*, 254 S.W.3d 287, 307 (Tenn. 2008) (citing *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001)).  Thus, the test for recusal requires a judge to disqualify himself or herself in any proceeding in which "a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality." *Id.* (quoting *Davis* at 564); *see also Clinard v. Blackwood*, 46 S.W.3d 177, 187 (Tenn. 2001) ("[B]ecause judges have a privileged understanding of the legal system, they may fail to find an appearance of impropriety where one would be found by a layperson.").

*State v. Griffin*, 610 S.W.3d 752, 757-58 (Tenn. 2020).

On appeal, Mr. Halliburton states that he is appealing the denial of "both of his motions to disqualify" Judge Higgins.  However, his petition devotes little attention to the first recusal motion and its technical compliance with Rule 10B.  He simply argues, "[opposing counsel] claims the affidavit on a disqualification motion is 'substantive.' It is not. (*Clay County v. Purdue Pharma*, 2022 Tenn. App. LEXIS 157.)"  In *Clay County*, however, this Court considered a recusal motion that failed to include the affirmative statement required by Rule 10B that it was not being presented for any improper purpose. *Clay Cnty. v. Purdue Pharma L.P.*, No. E2022-00349-COA-T10B-CV, 2022 WL 1161056, at *3 (Tenn. Ct. App. Apr. 20, 2022).  We conceded that "the omission of such a statement has been deemed in some cases to result in a waiver of recusal issues on appeal, particularly when paired with other defects in connection with Rule 10B." *Id.*  We also noted, however, that in certain circumstances, we had proceeded to consider appeals on their merits despite the absence of the required statement. *Id.*  In *Clay County*, we proceeded to consider the merits of the appeal because no issue had been raised at the trial court level regarding the absence of the affirmative statement, the trial judge had considered the merits of the motion, and there did not appear to be any improper purpose involved. *Id.*  In the case at bar, however, the failure to include the required statement was raised at the trial level, it was accompanied by an additional error, and the trial court summarily dismissed the first motion for failure to comply with the Rule.  Thus, Mr. Halliburton's reliance on *Clay County* is misplaced, as that case does not support reversing the trial court's denial of the first recusal motion.[4]

---

[4] Mr. Halliburton does suggest within his petition that Judge Higgins should have promptly addressed his first recusal motion "even if it was improperly filed."  We agree, as Rule 10B plainly states, "Upon the filing of a motion pursuant to section 1.01, the judge shall act promptly by written order and either grant or deny the motion." Tenn. Sup. Ct. R. 10B § 1.03.  We note, however, that Mr. Halliburton had conceded in a subsequent filing that his first recusal motion was not fully compliant with Rule 10B and that he might need to file a second one.  The reason for the delay in resolving the first recusal motion is not apparent from the record, but the delay does not entitle Mr. Halliburton to relief on appeal.  He does not

As for the second recusal motion, it alleged that Judge Higgins referred to Mr. Halliburton during a November 19, 2020 hearing as "the 'elephant in the room' solely because he was appearing pro se." Mr. Halliburton maintains on appeal that Judge Higgins demonstrated bias against pro se litigants. However, our ability to review this issue is hampered by the fact that we do not have a transcript of the November 19, 2020 hearing at which the statement was made. In her written order, Judge Higgins categorically denied referring to Mr. Halliburton as the elephant in the room. She said her reference was to "the complex nature of the matter before the court." Although Mr. Halliburton repeats the isolated phrase "elephant in the room" throughout his filings, he never provides a direct quote of the full statement in context to support his claim of bias. As such, we simply cannot conclude on appeal that the trial judge erred in declining to recuse herself on this basis. *See Purswani v. Purswani*, 585 S.W.3d 907, 918-19 (Tenn. Ct. App. 2019) (observing that "[i]n the absence of a proper transcript, it is impossible for this Court to review these allegations" of bias, and because the appellant "failed to provide this Court with an adequate record to review" the exchanges that allegedly occurred between him and the judge during a hearing, "no relief can be granted").[5]

The next basis for recusal asserted in Mr. Halliburton's second recusal motion was that Judge Higgins proceeded with the July 6, 2021 hearing despite the fact that neither the court nor opposing counsel had received his response to a supplemental memorandum filed by the defendants. On appeal, Mr. Halliburton continues to argue that Judge Higgins "did not address" his briefs and allowed the hearing to proceed even though the court had the defendants' brief before it. As Judge Higgins explained in her order, however, "[a] review of the transcript" showed that she deemed the content of the response brief irrelevant to the issue before the Court, she took the motion at issue under advisement, and she allowed

_____

point to any orders that were entered while the motion was pending. To the contrary, he states that "[t]here were no orders given by the court during a ten-month hiatus." Moreover, when the defendants filed a motion requesting a ruling on the outstanding motions for recusal and dismissal, Mr. Halliburton argued that the trial court should "do[] nothing until my federal habeas petition is fully and completely adjudicated and exhausted in the federal courts."

[5] Alternatively, we note that Mr. Halliburton did not timely move for recusal based on this statement that was allegedly made during a hearing on November 19, 2020. He mailed his first recusal motion on July 13, 2021, and he mailed a proper motion on or about July 9, 2022. "[A] claim of judicial bias may be deemed waived if a litigant . . . fails to file a written recusal motion in a timely manner after learning the facts that form the basis of the request." *Cook v. State*, 606 S.W.3d 247, 254 (Tenn. 2020); *see, e.g.*, *Killian v. Moore*, No. M2020-01283-COA-R3-CV, 2022 WL 457395, at *15 (Tenn. Ct. App. Feb. 15, 2022) (finding a recusal motion was not promptly filed when it came "four months after the court entered its final order and therefore long beyond the time Mother would have been made aware of the facts which she contends provide a basis for recusal"); *Xingkui Guo*, 2020 WL 6781244, at *3 (concluding that a "delay of more than four months between the trial court's ruling on the motion for sanctions and the filing of [the] motion for recusal was neither prompt nor timely"); *Odom v. Odom*, No. M2018-00405-COA-R3-CV, 2019 WL 3546437, at *3 (Tenn. Ct. App. Aug. 5, 2019) (concluding that the appellant did not promptly seek redress based on her experience at a hearing when she "waited four months to seek recusal" and continued to participate in the proceedings in the meantime).

time for the court to read all of the pleadings and for Mr. Halliburton to submit additional information. She also noted that Mr. Halliburton was allowed to argue any point he wished to make, including those in the missing pleading. We do not have a transcript of the hearing, or any order entered thereafter, that would demonstrate anything to the contrary. Mr. Halliburton simply argues that if he had been an attorney, "the hearing would have been rescheduled until the problem of the whereabouts of Plaintiff's briefs could be resolved." We conclude, however, that the trial judge's actions do not demonstrate bias against Mr. Halliburton. A person of ordinary prudence in the judge's position, knowing all the facts known to the judge, would not find a reasonable basis for questioning her impartiality.[6] *See Griffin*, 610 S.W.3d at 762.

Finally, Mr. Halliburton complains on appeal that Judge Higgins should have considered "judicial misconduct" and "systemic bias" that has occurred throughout his criminal proceedings and reported the conduct of various judges to appropriate authorities pursuant to the Code of Judicial Conduct. He complains about the conduct of not only trial judges but also appellate judges on the Tennessee Court of Appeals, Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court. Notably, however, he insists that Judge Higgins should have "consider[ed] the issues of the systemic bias of the judicial system *in her motion to recuse*." (Emphasis added). In her order denying the recusal motion, Judge Higgins reasoned that Mr. Halliburton's references to his prior experiences with the court system were not a proper basis for *her* recusal in this case and were "more appropriate subjects for appeal to courts with the authority and jurisdiction to adjudicate his claims." We agree with the trial court on this issue. We reiterate that the only issue we consider in this Rule 10B appeal is whether Judge Higgins should have recused herself.[7] *Elseroad*, 553 S.W.3d at 462.

To the extent that Mr. Halliburton raises additional issues on appeal that were not raised in his recusal motion, those issues are also waived. Rule 10B specifically provides

---

[6] We note that the second recusal motion also stated, "At the end of the hearing, Plaintiff noted that Defense counsel's motion to dismiss on the pleadings should be turned into a motion for summary judgment. To that the judge responded that nothing had been introduced into the case that would cause her to do that." Mr. Halliburton also argued that the trial judge "should have corrected" opposing counsel when he presented "a knowingly false depiction of events" in his argument "in documents and in open court" that was "not supported by the record." However, the record contains no filings by the appellee, no transcript of any hearing, and no written order aside from the one denying recusal. On this record, we cannot say that these actions demonstrate bias on the part of the trial judge requiring recusal. *See Purswani*, 585 S.W.3d at 918-19 (explaining that because the appellant "failed to provide this Court with an adequate record to review this issue, no relief can be granted"); *see also Cain-Swope v. Swope*, 523 S.W.3d 79, 89 (Tenn. Ct. App. 2016) ("[A]dverse rulings of a trial judge, even if erroneous, numerous, and continuous, are generally proper grounds for appeal, not for recusal.").

[7] In his prayer for relief in his petition on appeal, Mr. Halliburton similarly asks this Court to "take judicial notice of the fact that the Tennessee Supreme [C]ourt is in violation of Tenn. Const., Art. VI, Sec.11, and is constitutionally unqualified to hear Plaintiff's cases." However, such a request is simply misdirected in a Rule 10B appeal to the Tennessee Court of Appeals.

that "[t]he motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. This Court "must limit our review on appeal to the matters [the appellant] raised in [the] motion for recusal before the trial court." *Smith*, 2019 WL 6825976, at *3; *see, e.g.*, *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *3 n.3 (Tenn. Ct. App. Aug. 31, 2016) (declining to review additional rulings made by the trial judge over the course of the proceedings that allegedly demonstrated bias when the appellant discussed the rulings on appeal but did not include them in his recusal motion); *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *6 n.3 (Tenn. Ct. App. Feb. 11, 2014) (declining to address additional allegations of bias raised in a petition to this Court but not in the motion for recusal presented to the trial judge because review under Rule 10B is limited to the trial court's denial of the recusal motion); *see also Adkins v. Adkins*, No. M2021-00384-COA-T10B-CV, 2021 WL 2882491, at *6 (Tenn. Ct. App. July 9, 2021) ("[T]he trial court first must be allowed under Rule 10B to decide whether to grant or deny a motion to recuse on all the grounds raised by the movant.") (internal quotation omitted).[8]

## IV.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court denying the recusal motion and remand for further proceedings. Costs of this appeal are taxed to the appellant, Michael Halliburton, for which execution may issue if necessary.

_____
CARMA DENNIS MCGEE, JUDGE

---

[8] At the end of Mr. Halliburton's petition on appeal, he included a "Notice to the Court" stating that he had not yet received a written copy of the trial court's order denying the motions for recusal and that he would forward a copy to this Court once it was received. This Court was provided with a copy of the order by the trial court clerk. While this appeal was pending, Mr. Halliburton filed a motion for an "immediate grant" of his appeal. In that motion, Mr. Halliburton states that he filed his petition after the trial judge's oral ruling and that he has still not received a copy of the written order. He expresses concern that his failure to receive a copy of the order has jeopardized his right to appeal in a timely manner and access the appellate court. However, this Court has resolved Mr. Halliburton's appeal based on the order we received from the trial court clerk.

To the extent that Mr. Halliburton also suggests that Judge Higgins has demonstrated further bias and another reason for recusal by failing to provide him with a copy of the order out of "malice and vindictiveness," we decline to consider the allegation as an additional basis for recusal. As previously explained, "[t]his Court "must limit our review on appeal to the matters [the appellant] raised in [the] motion for recusal before the trial court." *Smith*, 2019 WL 6825976, at *3.